UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMYA SIMON,

        Plaintiff,

   v.

JOHN AUSTIN III *et al.*,

        Defendants.

Case No. C06-5695RBL

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has paid the filing fee (Dkt. # 3). The complaint in this action challenges Indeterminate Sentence Review Board members allegedly taking earned time and good time from plaintiff because he was not released on the date he alleges he was eligible for release (Dkt. # 3).

    Plaintiff has been released from prison and is now housed at the Special Commitment Center on Mc Neil Island. Thus, plaintiff is challenging the length or duration of a prior sentence and not his current confinement.

    The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service.

ORDER

1      When a person is challenging the very fact or duration of his physical imprisonment, and the
2  relief he seeks will determine that he is or was entitled to immediate release or a speedier release
3  from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez,
4  411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a
5  prisoner who has fully exhausted available state remedies **has no cause of action under § 1983**
6  **unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by**
7  **the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis
8  added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state
> challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
> § 1983 cause of action for damages attributable to an unconstitutional conviction or
> sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff has not indicated he has received relief in habeas corpus.  At the current time he fails to state a claim.  The court is aware plaintiff is no longer in custody on his prior conviction and cannot now file a habeas corpus action regarding his past confinement.  Once he was released from the custody of the Department of Corrections he no longer had standing to file a habeas action challenging that sentence.

Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under

ORDER

1  attack at the time the petition is filed.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v.</u>
2  <u>LaVallee</u>, 391 U.S. 234, 238 (1968).
3      Plaintiff should show cause why this action should not be dismissed for failure to state a claim
4  on or before **January 19, 2007.**  The Clerk is directed to send plaintiff a copy of this to plaintiff and
5  not the **January 19, 2007** due date on the court's calendar.
6
7      DATED this 18 day of December, 2006.
8
9      <u>/S/ J. Kelley Arnold</u>
    J. Kelley Arnold
10      United States Magistrate Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  ORDER