UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMYA SIMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN AUSTIN III *et al.*,<br><br>　　　　　Defendants. | Case No.  C06-5695RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**February 23, 2007** |

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has paid the filing fee (Dkt. # 3).  When the court reviewed this complaint, the court noted plaintiff was challenging an Indeterminate Sentence Review Board decision not to parole plaintiff on an earned early release date.  Thus, it appeared plaintiff was challenging the fact or duration of his past confinement.

　　There is nothing in the file indicating plaintiff ever exhausted this issue or received relief through a habeas corpus petition.  The court entered an order to show cause why this action should not be dismissed. The order was entered because Mr. Simon cannot state a cause of action if he has not received relief through habeas corpus .

　　Mr. Simon is no longer incarcerated on this conviction and now lacks standing to file a habeas corpus petition challenging his past conviction and sentence.  Thus, Mr. Simon appears to be procedurally barred from

REPORT AND RECOMMENDATION
Page - 1

bringing his claim  Mr. Simon has responded to the order to show cause (Dkt. # 6).  The response does not address the issue.  Having reviewed that response the court recommend this action be **DISMISSED WITH PREJUDICE.**

DISCUSSION

In Heck the Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Heck v. Humphrey, 512 U.S. at 489 (1994).

This court has been concerned with the application of the doctrine espoused in Heck to any case where the plaintiff was no longer in custody on that conviction.  This concern was shared by the Supreme Court and the Ninth Circuit.  Spencer v Kemna, 523 U. S. 1 (1998); Nonnette v. Small, 316 F.2d 872 (9th Cir. 2002).  The concern is based on habeas corpus actions having an in custody requirement. 28 U.S.C. § § 2241 (c), 2254 (a), 2255.  An expired or completely served conviction does not meet the requirement even if the conviction is later used to enhance a sentence.  Garlotte v. Fordice, 515 U.S. 39 (1995).

On March 27, 2006 the Ninth Circuit decided the case of Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006).  The court found that the fact that Guerrero "is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck's* bar."

In Guerrero the court found that Heck barred claims for wrongful arrest, malicious prosecution and conspiracy to bring false charges.  Mr. Simon would be barred from bringing his claims for failure to release prior to his maximum release date. This is because he is challenging the length of his past sentence.

In Guerrero the court noted several exceptions to the bar, thus, application of the doctrine must be on a case by case basis.  The exceptions are founded on the fear that an inmate may have something happen close to the end of his sentence and not be able to exhaust his state remedies and file a habeas corpus action on the new issue prior to his release. The Ninth Circuit recognized this dilemma and stated:

> In following the reasoning of the concurrence in *Spencer*, we have emphasized the importance

>of timely pursuit of available remedies in two cases. In *Cunningham v. Gates*, we held the *Heck* barred the plaintiff's § 1983 claims despite the fact that habeas relief was unavailable. Habeas relief was "impossible as a matter of law" in Cunningham's case because he failed to timely pursue it. We declined to hold that Cunningham's failure to pursue habeas remedies [took] his § 1983 claim out of *Heck's* perview.
>
>Although we held in *Nonnette* that the plaintiff could bring § 1983 claims despite the Heck bar because habeas relief was unavailable, we did so because Nonnette, unlike Cunningham, timely pursued appropriate relief from prior convictions.

Gurrerro, 442 F.2d at 704, 705.

Applying the holding to Mr. Simon, the court entered an order to show cause and identified the issue for Mr. Simon. His response does not address the Heck issue.

This action appears to be procedurally barred. This action should be **DISMISSED**. The dismissal should be **WITH PREJUDICE** because plaintiff cannot now proceed in habeas corpus as he is not in custody on this conviction. A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 23, 2007**, as noted in the caption.

DATED this 25 day of January, 2007.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge